

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable E. L. Hinson, Jr.
County Auditor
Polk County
Livingston, Texas

Dear Sir:                    Opinion No. 0-6689

Re: Under House Bill No. 238
who will pay the salaries
of the county school trus-
tees until January, 1946?

We have your recent request for an opinion on the above
question, said request being as follows:

"Under House Bill No. 238 the salaries of
County school trustees will be paid out of the
General Fund of the county. The budget of the
county was not set up with this item in it and
cannot be until Budget for 1946 is approved by
the Commissioners' Court and will only take ef-
fect in January 1946. Who will pay the salaries
of the County school trustees until January 1946?"

House Bill No. 238 amended Article 2687 of Vernon's
Annotated Civil Statutes and raised the pay of county school
trustees from $3.00 per day to $5.00 per day, but not exceed-
ing $60.00 per year, and made same payable from the General
Fund of the county by warrants drawn on order of the Commis-
sioners' Court, after approval of the account properly sworn
to by the president of the county school trustees, instead of
from the State and County Available School Fund. Under this
amendment the county school trustees will be paid by the county
from the General Fund, but before such payment can be made for
the balance of 1945, it will be necessary to amend the county
budget.

Article 689a-11, Vernon's Annotated Civil Statutes, is
in part as follows:

"* * * When the budget has been finally ap-
proved by the Commissioners' Court, the budget, as
approved by the Court, shall be filed with the Clerk
of the County Court, and taxes levied only in ac-
cordance therewith, and no expenditure of the funds

Honorable E. L. Hinson, Jr.,    page 2

of the county shall thereafter be made except in
strict compliance with the budget as adopted by the
Court. Except that emergency expenditures, in case
of grave public necessity to meet unusual and un-
foreseen conditions which could not, by reasonably
diligent thought and attention, have been included
in the original budget, may from time to time be
authorized by the Court as amendments to the
original budget. * * *"

This department has ruled that the Commissioners' Court
of a county is without authority to make any expenditures of
funds of the county not in compliance with the budget, except
emergency expenditures in case of grave public necessity, as
outlined by said Article 689a-11. We enclose herewith copies
of our Opinions Nos. O-5053-A and O-5184, each of which con-
tains a full discussion of the budget law and how same can
be amended.

                              Yours very truly,

                          ATTORNEY GENERAL OF TEXAS

                          By  Jas. W. Bassett
J.WB:LJ                                    Jas. W. Bassett
encls.                                        Assistant

APPROVED SEP 4, 1945
FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN